IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-10848 |
| | ) | |
| v. | ) | Judge Sara L. Ellis |
| | ) | |
| VILLAGE OF TINLEY PARK, ILLINOIS, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

### Defendant's Motion to Dismiss

The Village of Tinley Park, Illinois (the "Village") pursuant to Federal Rule of Civil Procedure 12(b)(1), moves to dismiss the complaint ("Complaint") filed by the United States of America (the "United States"), and in support thereof states:

### Introduction

The Complaint filed by the United States against the Village for alleged violations of the Fair Housing Act must be dismissed because the United States lacks standing. The United States only has standing to file suit against the Village based on 42 U.S.C. § 3614(a) and 28 C.F.R. § 0.50 which state that the enforcement of Federal statutes affecting civil rights, including those pertaining to housing can only be "conducted, handled, or supervised" by the "Assistant Attorney General, Civil Rights Division." However, the Assistant Attorney General, Civil Division has not supervised or authorized the filing of the Complaint. In fact, it would be impossible for the Assistant Attorney General, Civil Division to have supervised the filing of the Complaint, because no person held that job at the time of its filing and no person holds that office today. Instead, it appears that lawyers within the Department of Justice, are relying on the purported authority of Vanita Gupta ("Gupta"), who was formerly the Acting Assistant Attorney

General, Civil Division and then the "Principle Deputy Assistant Attorney General Civil Rights Division,"[1] to file this Complaint, although she did not even sign it. Complaint, p. 18. While Ms. Gupta likely could have legitimately authorized this Complaint during the 210-day period after being named Acting Assistant Attorney General, pursuant to the Federal Vacancies Reform Act (the "Act"), 5 U.S.C. § 3345 *et seq,* after the 210-day period passed, she could no longer hold the position of Acting Assistant Attorney General, Civil Division because her appointment had not been submitted to or confirmed by the Senate. As such, pursuant to the clear language of the Act, her actions following this 210-day period, including her attempt to authorize and supervise this Complaint, "shall have no force or effect" and "may not be ratified." 5 U.S.C. § 3348(d)(1) and (2).

Accordingly, for these reasons, and as discussed more fully below, the Complaint should be dismissed pursuant to F.R.C.P. 12(b)(1) because the United States did not have standing to file the Complaint against the Village.

**Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)**

"[I]f a plaintiff cannot establish standing to sue, relief from [the] court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999). "In ruling on a motion to dismiss for want of standing, the district court must accept as true all material allegations of the complaint and must draw all reasonable inferences therefrom in favor of the plaintiff. The plaintiff bears the burden of establishing that it meets the required elements of standing. Where standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with 'competent proof.' [The Seventh Circuit has] interpreted

---

[1] Ms. Gupta's last day in office was January 18, 2017.

'competent proof' as requiring a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996) (citations omitted).

## Argument

The Court should dismiss the Complaint because the United States did not have standing to bring suit against the Village.

**A. The Complaint should be dismissed because under 42 U.S.C. § 3614(a) the Assistant Attorney General, Civil Rights Division is required to, but has not, supervised or authorized the filing of this Complaint.**

The United States relies on 42 U.S.C. § 3614(a) in an attempt to establish its standing to bring this Complaint. That statute states that: "Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court." Further, elaborating on this statute is 28 C.F.R. § 0.50, which states that the "[e]nforcement of all Federal statutes affecting civil rights, including those pertaining to…housing" "are assigned to, and shall be conducted, handled or supervised by, the Assistant Attorney General, Civil Rights Division."

As such, pursuant to 42 U.S.C. § 3614(a) and 28 C.F.R. § 0.50, the enforcement of Federal statutes affecting civil rights, including those pertaining to housing can only be conducted, handled or supervised by the "Assistant Attorney General, Civil Rights Division." This rule was confirmed in *United States v. City of Philadelphia, Pa.*, 838 F. Supp. 223 (E.D. Pa. 1993) *aff'd sub nom. United States v. City of Philadelphia*, 30 F.3d 1488 (3d Cir. 1994). In that

3

case, the City of Philadelphia argued that the United States did not have standing under 42 U.S.C. § 3641(a) to bring an enforcement action against it for Fair Housing Act violations because the "Attorney General has not personally certified" a belief that the suit "raises an issue of general public importance." *Id.* at 227-28. In contrast, "[t]he United States argue[d] that under § 3614(a) it is sufficient that the Assistant Attorney General for Civil Rights—to whom the Attorney General has delegated authority to enforce the Fair Housing Act, *see* 28 C.F.R. §§ 0.13 and 0.50—signed the complaint and thus officially identified the issue as one believed to be of general public importance." *Id.* at 228. The Court rejected the City of Philadelphia's argument and held that the United States had standing because "§ 3614(a) does not require personal certification by the Attorney General and, hence, that the complaint filed by the United States in this case, having been signed by the Assistant Attorney General for Civil Rights, is a sufficient statement of the capacity of the United States to sue the City of Philadelphia." *Id.* at 228. Of course, as here, where a Complaint has *not* been authorized and signed by either the Attorney General or the Assistant Attorney General for Civil Rights, the United States lacks standing to bring suit. *Id.*

Here, the Assistant Attorney General for Civil Rights did not authorize or sign the Complaint against the Village. Ms. Gupta, whose name appears in the signature block of the Complaint but is not the signer of the Complaint, nevertheless was not and is not the Assistant Attorney General, Civil Division. The Complaint plainly states that she was the "Principle Deputy Assistant Attorney General Civil Rights Division." Complaint, p. 18. This distinction is important, because only the Assistant Attorney General and not the *Principle Deputy* Assistant Attorney General can conduct, handle and supervise the enforcement of Federal statutes affecting civil rights. *Id.* at 227-28. As such, the Complaint should be dismissed.

B. **The United States, through Gupta, has violated the Federal Vacancies Reform Act and its actions, including filing the Complaint, "shall have no force or effect" and "may not be ratified."**

It appears Ms. Gupta was given the title of Principle Deputy Assistant Attorney General and not Assistant Attorney General, Civil Rights Division, in an attempt to circumvent the Federal Vacancies Reform Act. The Act dictates that she could only hold the position of Acting Assistant Attorney General, Civil Division for 210 days because she was not presented to or confirmed by the Senate. In relevant part, the Act states:

> (a) If an officer of an Executive agency (including the Executive Office of the President, and other than the Government Accountability Office) whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office—
>
> > (1) the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity subject to the time limitations of section 3346;

5 U.S.C.A. § 3345. However, the "time limitations of section 3346" dictate that the first assistant can only perform these functions in an acting capacity for 210 days. The Act states that in relevant part that:

> (a) Except in the case of a vacancy caused by sickness, the person serving as an acting officer as described under section 3345 may serve in the office--
>
> > (1) for no longer than 210 days beginning on the date the vacancy occurs;

5 U.S.C.A. § 3346. Importantly, the Act then goes on to state that "an action taken by any person who is not acting under [the Act]…shall have no force or effect" and "may not be ratified." 5 U.S.C. § 3348(d)(1) and (2). According to the legislative history of the Act, "[t]he Committee expect[ed] that litigants with standing to challenge purported agency actions taken in

5

violation of [the Act] will raise noncompliance with this legislation in a judicial proceeding challenging the lawfulness of the agency action." S. REP. 105-250, 19-20. The Village does just that with this Motion to Dismiss.

To begin with, the position of the Assistant Attorney General, Civil Division is one that the President must appoint and the Senate must confirm. 28 U.S.C. § 506 ("The President shall appoint, by and with the advice and consent of the Senate, 11 Assistant Attorneys General, who shall assist the Attorney General in the performance of his duties"); *United States v. Giordano*, 416 U.S. 505, 520 (1974) ("The Attorney General is appointed by the President, by and with the advice and consent of the Senate, 28 U.S.C. § 503, as are the nine Assistant Attorneys General provided for in 28 U.S.C. § 506"); 5 U.S.C. § 3345(a)(1). However, Ms. Gupta was not presented to or confirmed by the Senate as required by federal statute.

Rather, on October 15, 2014, it was announced by Attorney General Eric Holder that Ms. Gupta would "serve as the Principal Deputy Assistant Attorney General and *Acting* Assistant Attorney General for the Civil Rights Division" beginning on October 20, 2015. Ex. A (emphasis added). However, pursuant to the Act, as discussed above, Ms. Gupta's tenure as Acting Assistant Attorney General for the Civil Rights Division could last for only 210 days – or through May of 2015. In other words, when the Complaint was filed on November 23, 2016, the period during which Ms. Gupta could hold the office of Acting Assistant Attorney General for the Civil Rights Division had expired 555 days earlier. The United States must admit that Ms. Gupta was not at the relevant time and is *not* the Assistant Attorney General for the Civil Rights Division.

As such, any attempts by Ms. Gupta to authorize the Complaint would be a clear violation of the Act, and, any actions taken in violation of the Act "shall have no force or effect"

6

and "may not be ratified." 5 U.S.C. § 3348(d)(1) and (2). A number of Courts have analyzed actions taken by officers acting in violation of the Act and have held them to be invalid. *See Giordano*, 416 U.S. at 514 (suppressing wiretap evidence because the Attorney General was not authorized to delegate his wiretap authority to his Executive Assistant); *Olympic Fed. Sav. & Loan Ass'n v. Director, Office of Thrift Supervision*, 732 F. Supp. 1183, 1194 (D.D.C. 1990) (holding that an invalid temporary appointee is "without constitutional power to take any action"). Even the U.S. Justice Department has acknowledged that uncertainty clouds the legal authority of controversial temporary appointees like Ms. Gupta. Acting Officers, 6 Op. Off. Legal Counsel 119, 120 and 122 (1982) ("[T]he Department recognizes that the existence of this controversy makes temporary designations undesirable, especially where certain functions can be exercised only by specific officers." That opinion goes on to state, "[I]n the relatively few situations where legal actions may be undertaken only by a specific officer, the department has tried to avoid the taking of such action by an acting official who has served for more than [the Vacancies Act allows]. This legal uncertainty is a further reason indicating the importance of having the President make appointments by and with the advice and consent of the Senate and using acting designations only as an interim measure during the regular appointment process."). Accordingly, Ms. Gupta's actions in authorizing and filing this Complaint should be invalidated by this Court and the Complaint should be dismissed.[2]

---

[2] Of course, once an Assistant Attorney General, Civil Rights Division is appointed by the President and confirmed by the Senate, that person could supervise, authorize and sign the Complaint against the Village. However, until that time, the Complaint is invalid because the United States lacks standing.

**Conclusion**

WHEREFORE, based on the above, the Village requests that this Court enter an order as dismissing the Complaint and for any further relief as this Court deems just and appropriate.

                                      Respectfully submitted,

                                      Village of Tinley Park, Illinois

                               By: /s/ Alastar S. McGrath
                                       One of its attorneys

Paul J. Kozacky
Alastar S. McGrath
Jerome R. Weitzel
Michael D. Gallo
Larry J. Lipka
KOZACKY WEITZEL McGRATH, P.C.
55 West Monroe, 24th Floor
Chicago, IL 60603
(312) 696-0900